IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
CARL P. HOFF, Trustee of the Carl   )
P. Hoff Trust,                      )
        Plaintiff,                  )  Case No. CV05-1376-HU
                                    )
    vs.                             )  FINDINGS AND
                                    )  RECOMMENDATION
PACIFIC NORTHERN ENVIRONMENTAL      )
CORP., a Delaware corporation, dba  )
COWLITZ CLEAN SWEEP; and UNITED     )
STATES OF AMERICA,                  )
                                    )
        Defendants.                 )
_____)
```

Roger J. Leo
520 S.W. Yamhill, Suite 1025
Portland, Oregon 97204
     Attorney for plaintiff

Karin J. Immergut
United States Attorney
Herb Sundby
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204


1    - FINDINGS AND RECOMMENDATION

R. Michael Underhill
Mimi Moon
U.S. Department of Justice
450 Golden Gate Avenue
San Francisco, California 94102
     Attorneys for defendant United States of America

HUBEL, Magistrate Judge:

This is an action for negligence arising out of a joint salvage operation on the F/V *Enola M*, conducted by defendant Pacific Northern Environmental Corp., dba Cowlitz Clean Sweep (CCS), and the United States Coast Guard (USCG). Plaintiff is the trustee of the Carl P. Hoff Trust, the owner of the F/V *Enola M*.

Plaintiff moves for partial summary judgment on the government's affirmative defenses of estoppel (government's Sixth Affirmative Defense), waiver (government's Seventh Affirmative Defense), set-off and offset (government's Eighth Affirmative Defense), and recoupment (government's Ninth Affirmative Defense). Defendant concedes the motion with respect to the defenses of set-off and offset and recoupment.

Plaintiff asserts that, with discovery complete, the government has not established any facts to support its defenses of estoppel and waiver.

The answer filed by the government alleges only that "Claimant's Claim is barred, partially or wholly, by the doctrine of estoppel." Answer ¶ 20. There are no allegations in the Answer from which the factual basis for the estoppel defense can be

2   - FINDINGS AND RECOMMENDATION

determined.

Estoppel is "any conduct, whether express or implied, which reasonably misleads another to his prejudice." Upper Columbia River Towing Co. v. Maryland Casualty Co., 313 F.2d 702 (9th Cir. 1963).[1] Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position in court and then later seeking an advantage by taking a clearly inconsistent position. Klamath Siskiyou Wildlands Center v. Boody, 468 F.3d 549, 554 (9th Cir. 2006); see also Engquist v. Oregon Dept. of Agriculture, __ F.3d __, 2007 WL 415249 (February 8, 2007)(judicial estoppel prevents a party from taking inconsistent positions when those inconsistencies have an adverse effect on the judicial process). An inconsistent factual or legal position is a threshold requirement of the doctrine. Klamath Siskiyou at 554, citing United States v. Lence, 455 F.3d 1047, 1051 (9th Cir. 2006).

In its papers, the government asserts that plaintiff is estopped from asserting that the capsizing and sinking of the

---

[1] The government relies on an 11th Circuit admiralty case, Marine Transportation Services Sea-barge Group, Inc. v. Python High Performance Marine Corp., 16 F.3d 1133, 1138-39 (11th Cir. 1994) for its definition of estoppel, which does not significantly differ from estoppel cases in this jurisdiction:
> [T]he doctrine requires 1) a representation of fact by one party contrary to a later asserted position; 2) good faith reliance by another party upon the representation; and 3) a detrimental change in position by the later party due to the reliance.

3   - FINDINGS AND RECOMMENDATION

*Enola M* was caused by the government's failure to provide and deploy proper equipment, and provide a competent crew and flotation devices, before removing the fuel from the vessel and the vessel itself from the western shore of Sauvie Island, see Complaint ¶ 10(e), because plaintiff placed cost limitations upon the government's salvage operations. The government relies on testimony from Petty Officer Lucia Mack that plaintiff "wanted to get the work done [on the *Enola M*] with the least amount of financial cost and that it did not want to spend more than approximately $10,000." Declaration of Mimi Moon, Exhibit B (deposition of Lucia Mack) 200:18-201:5; 218:8-25; 220:9-221:9.

I am unpersuaded that Mack's testimony supports the government's affirmative defense of estoppel. The record does not contain any direct evidence of a statement or conduct by the plaintiff or the plaintiff's representative actually limiting the costs of the operation. Further, the record does not contain any evidence that the government was misled in some manner. In fact, the record shows that the government was also motivated by a desire to get the salvage work done with as little expense to the plaintiff as possible:

> A: ... The main constraint with this was that the RP [i.e., plaintiff] did not have an unlimited amount of funds is understood. We were trying to take into consideration that if we could do this we would try to do the best we could without spending an enormous amount of funds. We recognize that civilian population [sic] do not always have access to the

4   - FINDINGS AND RECOMMENDATION

>  amount of monies that the federal government has, so we try to work with the civilian population as much as we possibly can to do it the least expensive and safest way that we can.

Mack dep. 220:24-221:9:

Chief Petty Officer Robin Klarmann, the highest ranking USCG representative to respond to the Big Oak Marina Fire and the supervisor of all the USCG personnel involved in the incident, testified that she knew of no conduct by plaintiff's representatives which misled the USCG. See Affidavit of Roger Leo, Exhibit A (Deposition of Robin Klarmann) 75:4-9;77:1-25; 78:19-79:7.

The government has not met its burden of showing the existence of a genuine issue of material fact on estoppel. Even assuming that Mack's testimony about plaintiff's desire to contain the cost of the salvage operation is inconsistent with plaintiff's allegation that the government negligently failed to provide proper pumping equipment and personnel, there is no evidence that the USCG was misled or prejudiced in some manner by statements or conduct arising from this desire.

    2.    Waiver

The answer filed by the government alleges only that "Claimant's Claim is barred, partially or wholly, by the doctrine of waiver." Answer ¶ 21. There are no allegations in the Answer from which the factual basis for the defense can be determined.

5   - FINDINGS AND RECOMMENDATION

In its response to plaintiff's motion for summary judgment on this affirmative defense, the government states that the court's Findings and Conclusions "regarding the United States' motion to dismiss determined that the first prong of the discretionary function exception was satisfied," and that plaintiff did not object to that portion of the Findings and Recommendation. The government concludes, "[a]pplication of the doctrine of waiver is therefore left to the trial court ... such that the motion concerning waiver must be denied." Government's Memorandum, p. 4.

In the Findings and Recommendation entered on August 11, 2006 (doc. # 52), I recommended that the government's motion to dismiss this action on the basis of the discretionary function exception to the waiver of sovereign immunity be denied. The Findings and Recommendation applied the two-part test for application of the discretionary function exception as articulated by the United States Supreme Court in <u>Berkovitz v. United States</u>, 486 U.S. 531, 536-37 (1988).

The first prong of the test is whether the conduct at issue "involve[s] an element of judgment or choice" for the acting government employee. <u>Id.</u> at 536. If the conduct does involve an element of judgment or choice, the second part of the test is whether the choice or judgment involved is of the type that Congress intended the discretionary function exception to shield: *i.e.,* considerations of social, economic or political policy. <u>Id.</u>

6   -   FINDINGS AND RECOMMENDATION

at 536.

In the Findings and Recommendation, I concluded that the first prong of the test was satisfied, *i.e.,* that the conduct at issue involved an element of judgment or choice for the acting government employee. My conclusion was based on the broad grant of discretion conferred upon the On Scene Coordinator in the National Oil and Hazardous Substances Contingency Plan (NCP), 40 C.F.R. § 300.317.

Waiver is generally defined as the intentional relinquishment of a known right. United States v. Chichester, 312 F.2d 275, 282 (9th Cir. 1963). To prove a case of implied waiver of a legal right, there must be a clear, unequivocal and decisive act showing a purpose to abandon or waive the right. Id.

The government has not explained how my application of the test for the discretionary function exception in a motion to dismiss by the government on which it did not prevail provides factual support for the government's affirmative defense of waiver, and it is not apparent to me. The plaintiff did not waive anything by not objecting to a recommendation to deny the government's motion to dismiss.

## Conclusion

I recommend that the plaintiff's motion for partial summary judgment on the government's affirmative defenses (doc. # 60) be GRANTED.

7 - FINDINGS AND RECOMMENDATION

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due April 18, 2007. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due May 2, 2007, and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 4th day of April, 2007.

/s/ Dennis James Hubel

Dennis James Hubel
United States Magistrate Judge