UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CARL P. HOFF, Trustee of the Carl
P. Hoff Trust,

       Plaintiff/Counter Defendant,

Civil No. 05-1376-HU

v.

ORDER

PACIFIC NORTHERN ENVIRONMENTAL
CORP., a Delaware corporation, dba
COWLITZ CLEAN SWEEP; and UNITED
STATES OF AMERICA,

       Defendants/Counter Claimants.

HAGGERTY, Chief Judge:

       This is a maritime negligence action arising out of a joint salvage operation of plaintiff's

ship, the *Enola M*, that was conducted by defendants Pacific Northern Environmental

1    - ORDER

Corporation, dba Cowlitz Clean Sweep, and the United States Coast Guard (hereinafter, the Coast Guard or the government). Magistrate Judge Hubel has referred a Findings and Recommendation [78] to this court recommending that plaintiff's Motion for Partial Summary Judgment [60] should be granted on the government's affirmative defenses of estoppel and waiver. Timely objections were filed by the government regarding its waiver defense.

When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendation, the objections, response, and the record of the case. Magistrate Judge Hubel provided a thorough analysis of the facts and circumstances regarding this litigation, and this analysis need not be repeated in detail here. This court has considered the government's objections and concludes that the Findings and Recommendation is entitled to adoption. The government's request for oral argument is denied.

**ANALYSIS**

As noted above, the government does not object to the Findings & Recommendation's conclusion regarding the government's estoppel defense. Accordingly, this court has confirmed that there is no clear error on the face of the record as to that aspect of the Findings and Recommendation. *Campbell*, 501 F.2d at 206. Plaintiff is granted summary judgment as to the government's affirmative defense of estoppel.

The government does object to the Findings and Recommendation's conclusion that its waiver defense should be rejected as a matter of law.  As the Findings and Recommendation recognized, waiver requires an "intentional relinquishment of a known right."  Findings and Recommendation at 7 (citation omitted).  To find that a party impliedly waived a legal right, there must be "a clear, unequivocal and decisive act showing a purpose to abandon or waive the right."  *Id.* (citation omitted).

The government insists that plaintiff's failure to object to a previous Findings and Recommendation issued August 11, 2006 (hereinafter, the Prior Recommendation) should be construed as a waiver of any challenge to the Prior Recommendation's finding that the Coast Guard's On Scene Coordinator (OSC) acted under discretion granted to her by the National Oil and Hazardous Substances Contingency Plan (NCP).  Gov't Objections to Proposed Findings and Conclusions at 3.  Therefore, the government argues, applying the "doctrine of waiver" regarding evidence to be introduced at trial addressing the Coast Guard's actions should be left to the trial court.

The Prior Recommendation, which this court adopted on October 24, 2006, recommended that the government's motion for dismissal be denied, concluding that the discretionary function immunity exception does not bar suit against the Coast Guard.  The more recent Findings and Recommendation summarized the discretionary function test, calling it twofold: (1) "whether the conduct at issue involve[s] an element of judgment or choice for the acting government employee" and, if so, (2) whether the choice or judgment involved considerations of

social, economic, or political policy that Congress intended the discretionary function exception to shield.  Findings and Recommendation at 6 (internal quotation omitted).

The Prior Recommendation concluded that the Coast Guard satisfied the first part of the discretionary function test, based on the broad grant of discretion conferred upon the OSC by the NCP.  The Coast Guard did not meet the second part of the test, however.  Accordingly, the Prior Recommendation concluded that the government's motion for dismissal should be denied.  Prior Recommendation at 20.

The government asserts correctly that plaintiff's failure to object to the Prior Recommendation waived a challenge to the Magistrate's findings of fact.  *See, e.g., Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) ("Failure to object to a magistrate judge's recommendation waives all objections to the magistrate judge's *findings of fact*") (citation omitted; emphasis added).

However, whether the government satisfies the test for discretionary function immunity is a question of law.  *See Kelly v. United States*, 241 F.3d 755, 759 (9th Cir. 2001) (citing *Fang v. United States*, 140 F.3d 1238, 1241 (9th Cir.1998)) ("Whether the United States is immune from liability under the Federal Tort Claims Act is a question of law reviewed *de novo*").

Plaintiff's failure to object to the Prior Recommendation's analysis of the discretionary function immunity test falls short of a waiver of that issue.  *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007) ("the failure to object to a magistrate judge's conclusions of law does not automatically waive a challenge on appeal"); *United States v. Torf*, 357 F.3d 900, 910 (9th Cir. 2004) (recognizing that failing to object to a Magistrate's pure legal conclusion may not waive a

challenge to that finding) (citation and internal quotation omitted); *Smith v. Frank*, 923 F.2d 139, 141 (9th Cir. 1991) (acknowledging "a split in the Ninth Circuit as to whether a party's failure to object should foreclose that party's ability to appeal a magistrate's conclusions of law") (citations omitted); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (citing *Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)) ("Since the [Magistrate's] finding . . . constituted a determination of law, which is reviewed *de novo* by both the district court and the court of appeals, the failure to object would not, standing alone, ordinarily constitute a waiver of the issue") (citation omitted).

    The government asserts that the Findings and Recommendation's refusal to accept its arguments about waiver is contrary to controlling Ninth Circuit law. Gov't Objections to Proposed Findings and Conclusions at 2. However, the government's authorities are distinguishable because they address the consequences when the *losing* party fails to object to legal findings in a Magistrate's report. *See Robbins*, 481 F.3d at 1146 (petitioner failed to object to Magistrate's findings in recommendation that habeas petition should be dismissed); *Turner*, 158 F.3d at 454-55 (state waived legal conclusion in Magistrate's recommendation that habeas relief should be granted for petitioner when state failed to challenge that particular conclusion in objections); *Smith*, 923 F.2d at 139-40 (plaintiff failed to timely object to Magistrate's recommendation that judgment be entered in favor of the defendant); *see also United States v. Midgette*, 478 F.3d 616, 620-21 (4th Cir. 2007) (petitioner failed to challenge findings in Magistrate's recommendation that habeas petition should be denied).

5    - ORDER

Here, however, plaintiff failed to object to legal conclusions in the Prior Recommendation that concluded that plaintiff should *prevail* on the government's motion for dismissal. Construing the *prevailing* party to have waived a Magistrate's legal conclusions would invite objections to every report issued by a Magistrate, and would overburden the court with needless filings. It would also stray from the traditional concept of waiver as the "relinquishment of a known right." *United States v. Chicester*, 312 F.2d 275, 282 (9th Cir. 1963) (to prove a case of implied waiver, there must be a clear, unequivocal, and decisive act) (citations omitted). A successful litigant would not reasonably foresee that his or her right to challenge the Magistrate's extraneous, non-dispositive legal findings could be waived by failing to object to a Magistrate's report regarding a motion on which the litigant *prevailed*.

This court acknowledges that the decision in *Martinez* could be read as construing a successful litigant's failure to object to a Magistrate's report as a waiver. 951 F.2d at 1156-57. In that case, the state failed to object to a Magistrate's report finding that the state had acted unconstitutionally, but recommending that the habeas petition should be dismissed on grounds that the violation constituted harmless error. *Id.* at 1156. The state failed to raise the constitutionality issue in its opening appellate brief until it filed its reply brief. Accordingly, the issue was not properly briefed on appeal. *Id.* at 1156-57. Consequently, the Ninth Circuit held that finding a waiver was "necessary in order to *prevent* inequity." *Id.* at 1157.

The procedural posture of this case, which has yet to go to trial, distinguishes it from *Martinez*. At this pretrial stage and under these circumstances, equity does not favor construing plaintiff's failure to object to the Prior Recommendation as a waiver of the Magistrate's

discretionary function analysis. Here, unlike *Martinez*, the government may still brief and litigate the issue whether the Coast Guard's OSC acted within the scope of her discretion and authority as delineated by the NCP. Thus, a finding of waiver is not necessary to prevent inequity and, for the reasons discussed above, would in fact work a substantial inequity upon plaintiff.

**CONCLUSION**

For the reasons provided, Magistrate Judge Hubel's Findings and Recommendation [78] concluding that the government's affirmative defenses of estoppel and waiver should fail as a matter of law, is ADOPTED. Plaintiff's Motion for Partial Summary Judgment [60] is GRANTED.

IT IS SO ORDERED.

DATED this  15   day of June, 2007.

                                             /s/ Ancer L. Haggerty
                                            Ancer L. Haggerty
                                        United States District Judge

7     - ORDER