IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CARL P. HOFF, Trustee of the Carl P. Hoff Trust,<br>      Plaintiff,<br><br>    vs.<br><br>PACIFIC NORTHERN ENVIRONMENTAL CORP., a Delaware corporation, dba COWLITZ CLEAN SWEEP; and UNITED STATES OF AMERICA,<br><br>      Defendants. | Case No. CV05-1376-HU<br><br>FINDINGS AND RECOMMENDATION |

Roger J. Leo
520 S.W. Yamhill, Suite 1025
Portland, Oregon 97204
    Attorney for plaintiff

Karin J. Immergut
United States Attorney
Herb Sundby
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204

1   - FINDINGS AND RECOMMENDATION

R. Michael Underhill
U.S. Department of Justice
450 Golden Gate Avenue
San Francisco, California 94102
    Attorneys for defendant United States of America

James McCurdy
Thomas E. McDermott
Lindsay, Hart Neil & Weigler
1300 S.W. Fifth Avenue, Suite 3400
Portland, Oregon 97201
    Attorneys for defendant Pacific Northern Environmental Corp., dba Cowlitz Clean Sweep

HUBEL, Magistrate Judge:

The matter before the court is plaintiff's motion to extend expert rebuttal witness disclosure deadline (doc. # 87). The court held a hearing on the motion July 17, 2007.

Plaintiff seeks to extend the deadline previously set by the court for the close of all expert discovery from June 1, 2007 to July 9, 2007, so that plaintiff can proffer an expert rebuttal report by a naval architect. Defendants oppose the motion.

I recommend that plaintiff's motion be denied, for two reasons. First, the two defense witnesses whose testimony plaintiff seeks to rebut are fact witnesses, Coast Guard Petty Officer Lucia Mack and Mike Sasso, both deposed by plaintiff in March 2006. The deposition excerpts submitted by the plaintiff demonstrate that the testimony of Sasso and Mack is not appropriate for expert rebuttal. Further, defendants have identified no expert witnesses.

2   - FINDINGS AND RECOMMENDATION

Second, given the schedule set by the court and the intent of Rule 26(b)(4) of the Federal Rules of Civil Procedure, plaintiff's proposed expert rebuttal witness testimony was not identified in a timely fashion.

The court held an initial Rule 16 conference on January 3, 2006, informing counsel that the court's usual practice was to set a deadline for completion of all expert discovery, leaving it to the parties to work out dates in advance of that for disclosures of experts to one another. All parties agreed to that arrangement.

At a hearing held on May 3, 2006 to extend the expert discovery deadline, the parties agreed that they wanted expert discovery to be concluded 28 days in advance of the pretrial order. When transcripts of these hearings were read to counsel at the hearing on July 17, 2007, all counsel agreed that they had not conferred on dates, in advance of the deadline for all expert discovery, for expert disclosures to be exchanged, and that they all treated June 1, 2007, as the deadline to both disclose experts under Rule 26 and complete discovery from these experts. Again, defendants disclosed no experts to be rebutted.

Accordingly, I recommend that plaintiff's motion to extend the deadline for expert discovery (doc. # 87) be DENIED.

### Scheduling Order

The above Findings and Recommendation will be referred to

3   - FINDINGS AND RECOMMENDATION

a United States District Judge for review. Objections, if any, are due August 1, 2007. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due August 15, 2007, and the review of the Findings and Recommendation will go under advisement with the District Judge on that date.

    DATED this 17th  day of July, 2007.

                                            <u>/s/ Dennis James Hubel</u>

                                               Dennis James Hubel
                                      United States Magistrate Judge