FILED'08 JUN 10 1540USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| CARL P. HOFF, Trustee of the Carl P. Hoff Trust, | ) ) ) | Civil No. 05-1376-JO |
| Plaintiff, | ) ) ) | |
| v. | ) ) | O R D E R |
| PACIFIC NORTHERN ENVIRONMENTAL CORP., a Delaware corporation; ET AL., | ) ) ) | |
| Defendants. | ) ) | |

Roger J. Leo
520 S.W. Yamhill, Suite 1025
Portland, OR 97204

    Attorney for Plaintiff

Thomas E. McDermott
James P. McCurdy
LINDSAY HART NEIL & WEIGLER, LLP
1300 S.W. Fifth Avenue, Suite 3400
Portland, OR 97201

R. Michael Underhill
Geoffrey D. Owen
U.S. DEPARTMENT OF JUSTICE
Torts Branch, Civil Division
450 Golden Gate Avenue, Room 7-5395
San Francisco, CA  94102-3463

  Attorneys for Defendants

JONES, Judge:

  Plaintiff brought this action against defendants United States and Pacific Northern

Environmental Corporation dba Cowlitz Clean Sweep pursuant to the Federal Tort Claims Act,

28 U.S.C. §§ 2671-2680 ("FTCA"), alleging claims for negligent salvage and gross negligence in

connection with defendants' efforts to salvage the F/V Enola M.

  On the eve of trial and for reasons relating to an item of evidence, the United States

moved to strike its pending motion to dismiss and all other papers from the record.  The motion

was granted.  The United States then voluntarily confessed judgment as to the monetary amounts

claimed, plus costs to the extent allowed under Federal Rule of Civil Procedure 54(d)(1) and

LR 54.  The court entered judgment against the United States on February 26, 2008; a stipulated

judgment of dismissal as to defendant Pacific Northern was entered on March 10, 2008.

  The case is now before the court on plaintiff's motion (# 160) for attorney fees and costs.

For the reasons stated below, plaintiff's motion for attorney fees is denied; costs are allowed in

the sum of $6,685.82.

A.   Motion for Attorney Fees

  An award of attorney fees against the United States is not available under the FTCA.

Anderson v. U.S., 127 F.3d 1190, 1191 (9th Cir. 1997); see also Nurse v. U.S., 226 F.3d 996,

PAGE 2 - ORDER

1004 (9th Cir. 2000).  Likely because of that, plaintiff asserts two rather novel sources of

authority for a fee award, given the factual allegations in this case.

Plaintiff first relies on section 2706(g) of the Oil Pollution Act of 1990, 33 U.S.C. § 2701

*et seq*, which provides in relevant part:

> Review of actions by any Federal Official where there is alleged to be a failure of
> that official to perform a duty under this section that is not discretionary with that
> official may be had by any person in the district court in which the person resides
> or in which the alleged damage to natural resources occurred.  The court may
> award costs of litigation (including reasonable attorney and expert witness fees) to
> any prevailing or substantially prevailing party.

33 U.S.C. § 2706(g).  While that provision might have superficial application, it provides no

basis for an award of attorney fees in connection with plaintiff's claims for damages incurred in

efforts to salvage the vessel.  The statutory language plainly applies to claims for "natural

resource damages."  33 U.S.C. § 2706(a); see generally 33 U.S.C. § 2706.  Plaintiff alleged no

such claim here, and his reliance on the above-quoted provision is misplaced.

Plaintiff next relies on Federal Rule of Civil Procedure 11, asserting that the United

States violated Rule 11 by, among other things, "sponsoring" fraudulent evidence and by

engaging in discovery abuse.[1]  Based on his allegations of wrongdoing, plaintiff seeks to shift the

*entire cost* of this litigation onto the government, which would be a rather draconian and unusual

interpretation of Rule 11 sanctions.  See Rule 11(c)(4).[2]

---

[1]      Plaintiff evidently overlooked paragraph (d) of Rule 11, which states that "[t]his
rule does not apply to disclosures and discovery requests, responses, objections, and motions
under rules 26 through 37."  Fed. R. Civ. P. 11(d).

[2]      Rule 11(c)(4) explains that a sanction "must be limited to what suffices to deter
repetition of the conduct," and may include "an order directing payment to the movant of part or
all of the reasonable attorney's fees and other expenses directly resulting from the violation."

(continued...)

Even assuming that some government conduct in this litigation was sanctionable, plaintiff failed to fulfill the prerequisite for bringing a Rule 11 motion. Under the so-called "safe-harbor" provision, Rule 11 provides:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2)(2007). Plaintiff concedes that he did not comply with that safe-harbor provision, compliance with which is mandatory. See, e.g., Truesdall v. Southern California Permanente Med., 293 F.3d 1146, 1151-52 (9th Cir. 2002). Plaintiff's arguments in favor of excusing his failure to comply with the mandatory safe harbor provision are not persuasive.

In sum, plaintiff has identified no valid authority for an award of attorney fees against the United States. Consequently, his motion is denied.

B.    Application for an Award of Costs

As mentioned, the United States agreed to pay costs to the extent allowable under Rule 54(d)(1) and LR 54. Plaintiff's application for costs seeks an award in the total sum of $14,978.82. The United States filed objections, two of which, that plaintiff failed to properly document his claimed costs and failed to file a supporting affidavit, have been corrected.[3]

---

[2] (...continued)
(Emphasis added.)

[3]    Plaintiff failed to file an affidavit as required by LR 54 and did not support his cost bill with documentation of the amounts requested, but he has since sought and was granted leave to file a corrective affidavit.

PAGE 4 - ORDER

The United States' remaining valid objection is to plaintiff's claim for $750 and $7,543 in expert witness fees for Skeeter Kershaw and Donald Hudson, respectively. Although plaintiff does not identify these two witnesses as "expert" in his cost bill, the court record demonstrates that plaintiff intended to use both witnesses as experts. Under 28 U.S.C. § 1920(3), witness fees, including expert fees, are set by statute and are limited to a *per diem* of $40 per day, actual travel expenses, and subsistence expenses. 28 U.S.C. § 1821. Plaintiff has not demonstrated that the claimed witness fees fall into these categories, and the claimed amounts are disallowed.

The remainder of plaintiff's cost bill appears valid and reasonable, and is allowed. The court thus awards plaintiff the sum of $6,685.82.

CONCLUSION

Plaintiff's motion (# 160) for attorney fees is DENIED. Plaintiff is awarded costs in the sum of $6,685.82.

DATED this ___ day of June, 2008.

ROBERT E. JONES
U.S. District Judge

PAGE 5 - ORDER